United States District Court
Southern District of Texas
**ENTERED**
September 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-24-1919 |
| v. | § § | |
| LG ELECTRONICS U.S.A., *et al.*, | § § | |
| Defendants. | § § § | |

**MEMORANDUM AND OPINION**

Allstate Vehicle and Property Insurance Company sued LG Electronics U.S.A., Inc., Elbi International S.p.A., Bitron Industrie S.p.A., and Bitron Ind. China Co., Ltd., in Texas state court. Allstate claims that a water valve inside a washing machine in one of its insured properties malfunctioned, causing water damage. Allstate believes that the washing machine was an LG Electronics brand and that the failing water valve was an Elbi brand. (Docket Entry No. 2).

LG Electronics removed to this court based on diversity jurisdiction. (Docket Entry No. 1). Elbi, Bitron, and Bitron China then moved to dismiss the claims against them under Rule 12(b)(2) for lack of personal jurisdiction. (Docket Entry No. 9). Allstate did not respond to the motion to dismiss. *See* (Docket Entry No. 19).

Based on the pleadings, briefing, and relevant law, the court finds that it lacks personal jurisdiction over Elbi, Bitron, and Bitron China and dismisses the claims against them, without prejudice. The reasons for this ruling are set out below.

### I.     Legal Standard

It is the plaintiff's burden to establish the court's personal jurisdiction over the defendants. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* If the court rules on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff must make only a *prima facie* showing of personal jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Id.* (quoting reference omitted). The district court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004). The Texas long-arm statute confers jurisdiction to the limits of due process, so these two inquiries merge. *Johnston*, 523 F.3d at 609. Due process permits the exercise of personal jurisdiction over a nonresident defendant when that defendant has "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting reference omitted).

"Minimum contacts" can give rise to specific or general personal jurisdiction. *Id.* Allstate does not assert general jurisdiction over Elbi, Bitron, and Bitron China. *See* (Docket Entry No. 2 at ¶¶ 3–8). The issue is specific jurisdiction.

A court may exercise specific jurisdiction "only when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). To determine specific jurisdiction, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Id.* Even a single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

## II. Analysis

Allstate's complaint alleges that Elbi, Bitron, and Bitron China "do[] business in the State of Texas," but concedes that none "maintain a registered agent for service of process in this State." (Docket Entry No. 2 at ¶¶ 3, 5, 7). Allstate made no other allegations, and submitted no evidence, supporting specific jurisdiction over these three defendants.

In support of their motion to dismiss, the defendants contesting personal jurisdiction submitted declarations from Elbi's quality manager, Bitron's quality director, and Bitron China's operation manager. Each denies intentional contacts between the companies and Texas. *See* (Docket Entry Nos. 9-1, 9-2, and 15). The declarations assert the following facts:

- Elbi and Bitron were formed under Italian law and have their principal places of business in Italy. Bitron China was incorporated under Chinese law and has its principal place of

- business in China.  (Docket Entry No. 9-1 at ¶ 6; Docket Entry No. 9-2 at ¶ 6; Docket Entry No. 15 at ¶ 6).

- None of the companies has ever had an office in Texas or been incorporated, registered, or licensed to do business in Texas.  (Docket Entry No. 9-1 at ¶ 6; Docket Entry No. 9-2 at ¶ 6; Docket Entry No. 15 at ¶ 6).

- No one in Texas controls or works at any of the companies, and none of the companies has ever had or recruited an employee in Texas.  (Docket Entry No. 9-1 at ¶¶ 9, 21, 22; Docket Entry No. 9-2 at ¶¶ 9, 21, 22; Docket Entry No. 15 at ¶¶ 9, 21, 22).

- None of the companies has sold a product directly to a Texas resident.  None of the companies expected or intended their materials used in LG appliances to be sold or used in Texas.  (Docket Entry No. 9-1 at ¶¶ 15, 16; Docket Entry No. 9-2 at ¶¶ 15, 16; Docket Entry No. 15 at ¶¶ 15, 16).

- Based on a review of sales documents, each declarant calculated that 0% of the goods sold by its company between 2018 and 2024 involved Texas.  (Docket Entry No. 9-1 at ¶ 28; Docket Entry No. 9-2 at ¶ 28; Docket Entry No. 15 at ¶ 28).

- Lastly, none of the companies had any "expectation that the part involved in this case would make its way to Texas," had any control over where that part went, or knew that the part was used in Texas.  (Docket Entry No. 9-1 at ¶ 30; Docket Entry No. 9-2 at ¶ 30; Docket Entry No. 15 at ¶ 30).

Based on this unrefuted evidence, the court finds that none of the defendants contesting personal jurisdiction has "purposefully avail[ed] itself of the privilege of conducting activities" within Texas.  *See Burger King Corp.*, 471 U.S. at 475 (quoting reference omitted).  This court

4

lacks personal jurisdiction over Elbi, Bitron, and Bitron China, and the claims against them must be dismissed.

### III.     Conclusion

The motion to dismiss, (Docket Entry No. 9), is granted. All claims against Elbi, Bitron, and Bitron China are dismissed without prejudice.

SIGNED on September 23, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge